

# NUMBER 13-08-00477-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ANDRES VILLARREAL,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                   Appellee.

## On appeal from the 148th District Court of Nueces County, Texas.

# MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Yañez and Garza Memorandum Opinion by Justice Yañez

On March 30, 2007, appellant, Andres Villarreal, pleaded guilty to indecency with a child by contact pursuant to a plea bargain agreement with the State.[1]  The trial court deferred adjudication of the offense and placed appellant on community supervision for a

---

[1] *See* TEX. PENAL CODE ANN. § 21.11 (Vernon Supp. 2009).

period of ten years.

The State filed a motion to revoke appellant's community supervision on March 7, 2008.[2]  At a hearing on the State's motion to revoke, appellant pleaded "true" to violating the following terms of his community supervision:  (1) failure to pay court costs at the rate of $20 per month; (2) failure to pay attorney's fees at the rate of $25 per month; (3) failure to pay additional attorney's fees at the rate of $25 per month; (4) failure to pay a sex offender's fee at the rate of $5 per month; and (5) failure to pay the monthly supervision fee of $20.  Appellant pleaded "not true" to two of the State's other allegations.[3]  The trial court found that appellant had violated the terms of his community supervision, revoked appellant's community supervision, found appellant guilty of indecency with a child by contact, and sentenced appellant to seven years' confinement.  The trial court certified appellant's right to appeal, and this appeal followed.  We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*,[4] appellant's court-appointed appellate counsel has filed a brief with this Court stating that, after examining the record, he has been unable to find any non-frivolous errors.  In his brief, counsel addresses five possible issues:  (1) whether appellant's pleas of "true" were entered knowingly and voluntarily; (2) whether the evidence is sufficient to establish that appellant violated his community supervision by failing to report to his community supervision officer and failing to register with the Corpus

---

[2] On December 18, 2007, the trial court held a hearing on a motion to revoke previously filed by the State.  However, the trial court did not revoke appellant's community supervision at that time.

[3] The State also alleged that appellant failed to report to his community supervision officer as directed and failed to "register with local law enforcement, namely the Corpus Christi Police Department."

[4] 386 U.S. 738, 744 (1967).

Christi Police Department; and (3) whether the punishment assessed was within the statutory limits. However, counsel concludes that each of these potential issues lack merit. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no non-frivolous grounds for advancing on appeal.[5]

In compliance with *High v. State*,[6] appellant's counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has informed this Court that he has: (1) forwarded a copy of the brief and his request to withdraw as counsel to appellant; (2) examined the record and found no arguable grounds to advance on appeal; (3) informed appellant of his right to review the record and to file a pro se response; and (4) forwarded a copy of the record to appellant.[7] More than an adequate period of time has passed, and appellant has not filed a pro se response.[8]

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.[9] We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an

---

[5] *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

[6] *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978).

[7] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d at 409 n.23 (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

[8] *See In re Schulman*, 252 S.W.3d at 409.

[9] *Penson v. Ohio*, 488 U.S. 75, 80 (1988).

appeal.[10]  Accordingly, we affirm the judgment of the trial court.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant.[11]  We grant counsel's motion to withdraw.

Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and to advise appellant of his right to file a petition for discretionary review.[12]

LINDA REYNA YAÑEZ,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Delivered and filed the
19th day of August, 2010.

---

[10] *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

[11] *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.  To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous") (citations omitted)).

[12] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).  No substitute counsel will be appointed.  Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court.  *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3; 68.7.  Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.4.